No. 14-0342 – *Patricia S. Reed, Commissioner of the West Virginia Division of Motor Vehicles  v.  Dustin Hall*

**FILED**

**May 22, 2015**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

LOUGHRY, Justice, concurring:

I completely agree with the Court's conclusion that Mr. Hall's driver's license must be revoked, and he must be disqualified from operating commercial vehicles, based upon his refusal to submit to the designated secondary chemical breath test in violation of West Virginia Code § 17C-5-7 (2010)[1] (also referred to as an "implied consent" violation). I write separately, however, to note that because of Mr. Hall's clear violation of the implied consent law, it was unnecessary for this Court to also address the DMV Commissioner's separate grounds for revocation and disqualification–the act of driving under the influence. As such, it was also unnecessary for the Court to address the blood test issue.

Mr. Hall was arrested for a single episode of DUI occurring on February 3, 2011. This arrest was the reason why the police required him to submit to a secondary chemical breath test. In the administrative orders, the DMV Commissioner specified two separate legal grounds for revoking his driver's license:  his act of driving under the influence and his act of refusing to submit to the secondary chemical test. Either reason, by

---

[1]In this concurrence, I refer to the 2010 version of the DMV statutes that were in effect when Mr. Hall was arrested and refused the secondary breath test.

1

itself, provided a sufficient basis for the Commissioner to act. However, while there were two separate grounds, the Commissioner could only revoke the license once for the events of February 3, 2011. The Legislature has mandated that a period of revocation for driving under the influence shall run concurrently with a period of revocation for an implied consent violation:

> A revocation under this section shall run concurrently with the period of any suspension or revocation imposed in accordance with other provisions of this code and growing out of the same incident which gave rise to the arrest for driving a motor vehicle while under the influence of alcohol, controlled substances or drugs and the subsequent refusal to undergo the test finally designated in accordance with the provisions of section four of this article.

West Virginia Code § 17C-5-7(a), in part. Notably, the period of revocation for Mr. Hall's refusal to submit to the breath test was longer than his period of revocation would have been for DUI.

Moreover, for purposes of determining second or subsequent occurrences, an implied consent revocation counts the same as a DUI revocation. The statute that specifies what length of administrative revocation or suspension to impose for various offenses provides, in pertinent part, the following:

> For purposes of this section, where reference is made to previous suspensions or revocations under this section, the following types of criminal convictions or administrative suspensions or revocations shall also be regarded as suspensions or revocations under this section or section one of this article:

2

. . . .

> (3) Any revocation under the provisions of section seven, article five of this chapter [the implied consent statute] for conduct which occurred within the ten years immediately preceding the date of arrest.

W.Va. Code § 17C-5A-2(p) (2010). Thus, should Mr. Hall commit DUI in the future, the instant revocation for his implied consent violation will be considered when assessing additional administrative penalties based upon multiple DUI offenses.

Accordingly, this Court's ruling on the implied consent issue is fully determinative of this case, and the remainder of the Court's discussion is mere surplusage. As Justice Frankfurter once observed, "[w]hen there is no duty to speak on such issues there is a duty not to speak." *Poulos v. State of New Hampshire*, 345 U.S. 395, 414 (1953) (Frankfurter, J., concurring). Nonetheless, because the Court has correctly addressed the implied consent issue, I respectfully concur.